UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

Criminal No. 11-253-02 (CKK)

LESTER STANLEY AUSTIN,
Defendant.

## MEMORANDUM OPINION
(January 11, 2019)

Defendant Lester Stanley Austin ("Defendant" or "Mr. Austin") is presently serving a sentence of 132 months imprisonment, followed by 60 months of supervised release, after having entered a plea of guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base. *See* July 9, 2012 Plea Agreement., ECF No. 157; November 15, 2012 Judgment, ECF No. 202. Proceeding *pro se*, he has filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting that this Court reduce his term of imprisonment. *See* Def's Mot. for Sentencing Modification, ECF No. 239 (docketed as "Retroactivity Prep Documents"). The Government opposes the Defendant's request. *See* United States' Opposition to Defendant's *Pro Se* Motion for Sentencing Modification, ECF No. 246. For the reasons stated herein, Defendant's Motion for Sentencing Modification is DENIED.

Background

Defendant's guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Mr. Austin and the Government agreed to "a sentence of not less than 132 months of incarceration and not more than 156 months of incarceration, followed by 5 years of supervised release." Plea Agreement, ECF No. 157, at 2. The Plea Agreement makes clear that

"because Defendant AUSTIN has two prior felony convictions for controlled substance offenses, he is a career offender and thus, under the Sentencing Guidelines, his Base Offense Level is 37." *Id.* at 3; *see* U.S.S.G. § 4B1.1(b)(1). The Government agreed to recommend a 3-level reduction (to 34) in Defendant's offense level, pursuant to U.S.S.G. § 3E1.1, to afford Defendant credit for his acceptance of responsibility. Plea Agreement, ECF No. 157, at 3.

Defendant's Career Offender Status

In its final Presentence Investigation Report, the Probation Office first calculated Defendant's offense level using a base offense level of 34, which was based on drug quantity tables, U.S.S.G. Section 2D1.1, and was adjusted up 2 levels due to the Defendant's use of violence in connection with the conspiracy. U.S.S.G. § 2D1.1(b)(2). This resulted in an adjusted offense level of 36. Final Presentence Report, ECF No. 197, at 10.

The Probation Office alternately calculated Defendant's offense level as 37, based on his status as a career offender. *Id.* A career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); *see* Final Presentence Report, ECF No. 197, at 10, 11, 15. Defendant does not dispute his status as a career offender.

The Government notes that "[f]or a career offender, offense levels are initially calculated based on the drug quantity tables, U.S.S.G. § 2D1.1, and the career offender provision, U.S.S.G. § 4B1.1, and whichever calculation produces a higher result determines the defendant's actual offense level under the Sentencing Guidelines." Govt's Opp'n, ECF No. 246, at 2 n.1; *see United States v. Akers*, 892 F.3d 432 (D.C. Cir. 2018) (discussing calculation of the offense level where a

defendant has been determined to be a career offender).  In *Akers*, the Court of Appeals for the District of Columbia Circuit stated that:

> The career-offender guideline "requires taking the greater offense level between the offense level calculated independent of § 4B1.1, and the career offender offense level, which is based on the statutory maximum." *United States v Lawrence*, 662 F.3d 551, 559 (D.C. Cir. 2011).  Where, as here, the career-offender provision produces a higher offense level, the court calculates the defendant's sentencing range by adopt[ing] the offense level for a career offender and a criminal history category of VI." *United States v. Tepper*, 616 F.3d 583, 587 (D.C. Cir. 2010).

*Akers*, 892 F.3d at 433.

Accordingly, Defendant started with a base offense level of 37, based on his career offender status, and Defendant then received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 34.  Final Presentence Report, ECF No. 197, at 10.  While the Guidelines range was 262-327 months for a total offense level of 34 and a criminal history category of VI, the parties agreed under Rule 11(c)(1)(C) to a below-Guidelines sentence of imprisonment sentence ranging from 132-156 months.  Final Presentence Report, ECF No. 197, at 29.  In making its own Guidelines determination, the Court indicated that it agreed with the calculations of the Probation Office, and at the sentencing hearing, the Court accepted the Rule 11(c)(1)(C) plea and imposed a sentence of 132 months imprisonment.  *See* Judgment, ECF No. 202.  Defendant challenges his sentence pursuant to 18 U.S.C. Section 3582(c)(2) and U.S.S.G. Amendment 782.

### Analysis of Defendant's Motion

Defendant's Motion relies upon the application of Guidelines Amendment 782, which reduced by two levels the base offense levels for most drug-trafficking offenses, and Amendment 788, which allowed the retroactive application of Amendment 782.  In determining whether a sentence reduction is warranted under 18 U.S.C. § 3582, this Court analyzes Defendant's Motion

under a two-step inquiry, as set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Accordingly, the Court must first determine whether Mr. Austin is eligible for a sentence reduction under §3582(c)(2), and if so, to what extent, and second, whether a reduction is warranted in consideration of the factors set out in 18 U.S.C. § 3553(a). *See Dillon*, 560 U.S. at 827; *see also United States v. Butler*, 130 F. Supp. 3d 317, 319-20, *aff'd sub nom. United States v. Jones*, 846 F.3d 366 (D.C. Cir. 2017). Pursuant to 18 U.S.C. § 3582(c), courts may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C.] section] 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Hughes v. United States*, 138 S. Ct. 1765, 1773-75 (2018); *Dillon*, 560 U.S. at 819; *see also In re Sealed Case*, 722 F.3d 361, 364 (D.C. Cir. 2013).

In this case, although Mr. Austin's sentence was "based on" the Sentencing Guidelines, *see Hughes v. United States*, 138 S. Ct. at 1776, the applicable sentencing range was not "subsequently lowered" by the Sentencing Commission because Mr. Austin qualified as a career offender, and Amendment 782 did not lower the offense levels applicable to career offenders. Instead, Amendment 782 impacted the offense levels that were calculated under the drug trafficking Guideline, U.S.S.G. Section 2D1.1, but that Guideline did not play a role in determining Mr. Austin's sentencing range. The sentencing range considered by the Court in this case was calculated solely from the career offender provision, U.S.S.G. Section 4B1.1, and not the drug quantity tables found at U.S.S.G. Section 2D1.1. *See United States v, Tepper,* 616 F.3d 583, 587 (D.C. Cir. 2010) (finding that the drug quantity tables revised by Amendment 782 "played no role" in determining the [career offender] defendant's sentencing range or ultimate sentence.)

Accordingly, with a career offender, "the fact that Amendment 782 lowered the sentencing range for [defendant's] underlying offense does not support a sentence reduction under Section 3582(c)(2)." *Akers*, 892 F. 2d at 434.

Defendant's status as a career offender makes him ineligible for a sentence reduction. Where a defendant is sentenced based on his status as a career offender as opposed to relying on another applicable advisory Guidelines range, Amendment 782 does not have the effect of lowering the applicable Guidelines range and the defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2). In cases where the application of a retroactive amendment to the Guidelines does not result in a different Guidelines' sentencing range, the defendant is not entitled to a reduction in his sentence. *See United States v. Berry*, 618 F.3d 13, 17 (D.C. Cir. 2010) ("Section 1B1.10(a)(2)(B) of the Guidelines prohibits sentence modifications under § 3582(c)(2) if a retroactive Guideline amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10(a)(2)(B)). As such, Defendant's guidelines calculations mirror his original guidelines calculations of 262-327 months — which was the range calculated and considered by this Court before it accepted the Rule 11(c)(1)(C) plea and sentenced Defendant to 132 months of imprisonment — and he may not avail himself of the reduction in the base offense levels for drug offenses brought about by Amendment 782. *See Berry*, 618 F.3d at 17-18 ("Because [the amendment] does not lower the career-offender range, [the defendant] is ineligible for a sentence reduction if this is his applicable guideline range.") (internal quotation marks omitted)).

Accordingly, the Court shall DENY Defendant's [239] Motion for Reduction of Sentence.

An appropriate Order accompanies this Memorandum Opinion.

DATED: February 5, 2019

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE